IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Steven Hollis Staggs, ) | C/A No.: 1:22-338-JFA-SVH |
| Plaintiff, ) | |
| v. ) | ORDER AND NOTICE |
| Spartanburg Police Department; ) Spartanburg County Detention ) Center; and Chuck Wright, ) | |
| Defendants. ) | |

Steven Hollis Staggs ("Plaintiff"), proceeding pro se, filed this complaint alleging violations of his constitutional rights. He sues Spartanburg Police Department ("SPD"), Spartanburg County Detention Center ("SCDC"), and Spartanburg County Sheriff, Chuck Wright (collectively "Defendants"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.  Factual and Procedural Background

Plaintiff alleges he was arrested on April 4, 2019, for resisting arrest. [ECF No. 1 at 6]. Plaintiff claims one of the arresting officers held him while he was in handcuffs, while another officer kneed him in the face and shoulder multiple times. *Id.* at 4. He claims he asked medical for help, but the

medical department indicated he refused medical attention, which Plaintiff alleges is false. *Id.* at 5.

Plaintiff further alleges that when he was booked "I was taser[ed] held down had my shorts pull off my buttocks and had my anus messed with while being tased so I couldn't resist." *Id.* at 6. Plaintiff seeks $500,000 in damages.

II. Discussion

    A.    Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating

a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

B.  Analysis

1.  SPD and SCDC are not "Persons"

To state a plausible claim for relief under 42 U.S.C. § 1983,[1] an aggrieved party must sufficiently allege that he was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (3d ed. 2014). Only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person." A sheriff's department, detention center, or task force is a group of officers or buildings that is not considered a legal entity subject to suit. *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (finding that the medical department of a prison is not a person pursuant to § 1983); *see also Post v. City of Fort Lauderdale*, 750 F. Supp. 1131 (S.D. Fla. 1990) (dismissing city police department as improper defendant in § 1983 action because not "person" under the statute); *Shelby v. City of Atlanta*, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984) (dismissing police department as party defendant because it was merely a

---

[1] Plaintiff's complaint is before this court pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails.

4

vehicle through which city government fulfills policing functions). Here, SPD is a group of individuals and is not considered a "person" pursuant to § 1983. Similarly, SCDC is a physical building and is not considered a "person" subject to suit under § 1983. Therefore, SPD and SCDC are subject to summary dismissal.

        2.        Insufficient Allegations Against Wright

Plaintiff's complaint contains no factual allegations against defendant Sheriff Wright. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.[2] Further, the doctrine of supervisory liability is

---

[2] Although Plaintiff states that he has not been able to obtain the names of those involved in his alleged sexual assault, he should be aware of the names of the arresting officers. It appears Plaintiff's current detention is based on unrelated charges, as he states that he "won the trial for the resisting arrest charge." [ECF No. 1 at 6]. At a minimum, Plaintiff should be able to obtain this information from counsel who represented him on the resisting arrest charge.

5

generally inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of his employees, absent an official policy or custom that results in illegal action. *See Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *Fisher v. Washington Metro. Area Transit Authority*, 690 F.2d 1133, 1142–43 (4th Cir. 1982). The Supreme Court explains that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see Slakan v. Porter*, 737 F.2d 368, 372–74 (4th Cir. 1984) (finding officials may be held liable for the acts of their subordinates, if the official is aware of a pervasive, unreasonable risk of harm from a specified source and fails to take corrective action as a result of deliberate indifference or tacit authorization). Because Plaintiff has failed to allege Wright was personally involved in Plaintiff's arrest or alleged sexual assault, he is subject to summary dismissal.

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by **March 1, 2022**, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation

and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims specified above be dismissed without leave for further amendment.

    IT IS SO ORDERED.

February 8, 2022　　　　　　　　　　　　Shiva V. Hodges
Columbia, South Carolina　　　　　　　　United States Magistrate Judge